# Rike *et al.* v. Nichols.

## *Bill to Foreclose Mortgage.*

1. *Wife; when equal owner with husband in land; when her interest not subject to sale by mortgagee.*—If a husband and wife, being tenants in common of a lot of land, holding their interest by recorded conveyances, sell and convey the same, and take from the purchaser a mortgage in the name of the husband alone to secure the payment of the purchase money; and if the land is conveyed to the husband by the mortgagor to satisfy the mortgage debt; and if afterwards the husband and wife execute a mortgage on the land to secure a debt for money loaned to the husband for his individual benefit; the wife in equity became equal owner with the husband of the land when it was taken by him in payment of the mortgage debt; and the mortgagee of the husband and wife cannot subject her equitable title to the satisfaction of the mortgage debt of the husband—the mortgagee being chargeable with notice through the record, of the wife's interest in the land. ·

APPEAL from the City Court of Montgomery.

Heard before the Hon. A. D. SAYRE.

Mrs. Isabella B. S. Nichols brings her bill to foreclose a mortgage executed to her by E. G. Pike and his wife on a certain lot of land. The land was owned jointly by Rike and his wife, but the legal title became vested in the husband alone as stated in the opinion. The husband and wife executed the mortgage to the complainant to secure the payment of money borrowed by the husband for his own use. The question was whether the complainant by virtue of her mortgage had any lien on the equitable interest of the wife in the lot. The court held that the complainant was an innocent purchaser, and was entitled to the payment of her debt by foreclosure of the mortgage. Appeal by the defendants and reversed.

FRANCIS G. CAFFEY, for appellants.—When E. G. Rike acquired the title to the land through the deeds from Strother and Harrington he became in equity the

trustee of his wife to the extent of one-half interest—she having originally paid one-half of the purchase money. *Church v. Church,* 25 Pa. St. 278; *Gordon v. Bell,* 50 Ala. 213; *Tarleton v. Goldthwaite,* 23 Ala. 346. (2). Mrs. Nichols had notice of the interest of Mrs. Rike. She was chargeable with notice of everything which appears in her own chain of title.—*Campbell v. Roach,* 45 Ala. 667; *Brewer v. Brown,* 68 Ala. 212; 2 Devlin on Deeds, Sec. 1000. (3). She was also charged with notice of every fact which could have been ascertained by inquiry excited by the facts disclosed to her by the record. *Foster v. Stallworth,* 62 Ala. 547; *Overall v. Taylor,* 99 Ala. 12; *Woodall v. Kelley,* 85 Ala. 368; *Webb v. Robins,* 77 Ala. 176; *Montefiero v. Brown,* 7 House of Lords 241.

W. S. THORINGTON, *contra,* contended, that the only notice it can be claimed Mrs. Nichols had was the notice of the deed of January, 1885; and the records disclosed that that interest had passed out of Mrs. Rike by the deed from her and her husband to Harrington & Strother, and that she never afterwards acquired any interest. As against Harrington & Strother and Mrs. Nichols, who claims under them, it will be presumed that if Rike squandered the money it was a gift from Mrs. Rike to him.—*Amor F. L. Mfrg. Co. v. Thornton,* 108 Ala. 258.

McCLELLAN, C. J.—On and prior to May 15, 1890, Mrs. Rike owned an undivided one-half interest in the lot involved in this case, and her husband, E. G. Rike, the other undivided half interest: They were tenants in common. On that day they united in a sale and conveyance of the property to Strother and Harrington for $4,000, $500 cash and $3,500 on time. The cash payment was made to Rike, and a mortgage on the lot was executed to him alone by Strother and Harrington to secure the deferred payment. Directly from Harrington and through foreclosure from Strother the lot was conveyed to E. G. Rike alone in satisfaction of this mortgage. In our opinion on these facts E. G. Rike held the lot under these conveyances from Strother and Harrington made in satisfaction of the debt due equally to him

and his wife secured by a lien enuring to her benefit as well as to his, in trust for her to the extent of that part of the purchase money which belonged to her. The deed from Mr. and Mrs. Rike to Strother and Harrington and the mortgage to Rike to secure the payment of the consideration of that deed, being cotemporaneous in point of time, constituted parts of one and the same transaction, involving in one contract the sale and conveyance of the lot and provision for securing the payment of the purchase money; and it is to be taken that the mortgage to Mrs. Rike's husband and co-tenant was executed in consonance with an understanding to that effect common to all the parties, including Mrs. Rike. The parties thus united in the substitution of the contract lien of the mortgage in the stead of the implied equitable lien for the security of the purchase money, thereby waiving the vendor's lien. But the land for which the money was due having been the property of Mr. and Mrs. Rike in common, the money for which it was sold belonged equally to them, and had it been presently paid to Rike obviously his wife would have been entitled to one half of it, not as a mere debt due from him to her, but as being her property in his hands as her agent or trustee. If there had been no mortgage and the money had been subsequently paid to Rike, the result would have been the same. Had there been no mortgage and the land itself had been afterwards conveyed to Rike in satisfaction of the debt due equally to him and his wife, he would have held the title for her and for himself—in trust to the extent of an undivided half interest to her use and for her benefit. That the purchase money was not presently paid can make no difference. That a mortgage was taken to secure it is of no consequence. Whenever paid and however paid and in whatever paid, when paid to Rike one half of it belonged to her. The security having been taken in the name of Rike alone by agreement of parties, enured to her benefit; and when the security was realized upon and the land itself became vested in Rike in payment and satisfaction of the mortgage lien which he held for the benefit of both, to secure a debt due to both, he had title

to one undivided half interest in his own right and to the other undivided half interest in the right of and as trustee for Mrs. Rike. And this was the title he had when he executed the mortgage to complainant. This title appeared of record, and hence complainant had notice of it. Having notice she, of course, cannot subject Mrs. Rike's equitable title to the satisfaction of her mortgage for she is not a *bona fide* purchaser, and the mortgage securing a debt of the husband is void as to Mrs. Rike's interest in the land.

We deem it unnecessary to discuss other questions that were mooted in the court below and some of them here, further than to say that the evidence satisfies us that the deed from Rike to his wife of January 22, 1885, is supported by a valuable consideration, even conceding that the consideration of that conveyance is open to inquiry in this case which we greatly doubt.

The decree of the city court must be reversed and the cause remanded for further proceedings in conformity to this opinion.

Reversed and remanded.